IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRENT ARTHUR WILSON,<br><br>        Plaintiff,<br><br>vs.<br><br>UNKNOWN TRUSTEE and UNKNOWN INDENTURE TRUST BANK,<br><br>        Defendants.<br><hr><br>BRENT ARTHUR WILSON,<br><br>        Plaintiff,<br><br>vs.<br><br>UNKNOWN MEN/MAN AND/OR WOMEN(AN) d/b/a TRUSTEE WITH INDENTURE TRUST BANK, and UNKNOWN MEN/WOMEN d/b/a SECURITIES UNDERWRITER FOR STATE OF MONTANA DEPARTMENT OF CORRECTIONS,<br><br>        Defendants. | CV 23–149–M–DWM<br>CV 24–19–M–DWM<br><br><br>ORDER |

Plaintiff Brent Arthur Wilson, a state prisoner proceeding pro se, has filed two civil rights complaints under 42 U.S.C. § 1983, asking this Court to direct the Internal Revenue Service ("IRS") "to immediately settle, close, and discharge all

1

debts" associated with "bonds" he has identified in his pleadings. (*See* CV 23–149–M–DWM, Doc. 2; CV 24–19–M–DWM, Doc. 2.) Although his filings make numerous references to the British Crown, the Universal Postal Union, the Securities and Exchange Commission and the IRS, the attachments indicate he seeks to challenge his underlying state convictions or revocation judgments associated with those convictions. (*See, e.g.*, CV 23–149–M–DWM, Doc. 2-2.) Because such claims are not cognizable under § 1983, both cases are dismissed without leave to amend.

I.      **Prescreening**

Because Wilson is a prisoner proceeding in forma pauperis, his complaint must be reviewed under 28 U.S.C. § 1915. A court is required to dismiss a complaint filed in forma pauperis before the complaint is served if it: " (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Pro se complaints are to be construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), and, ordinarily, a court should permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim, *see United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.") (internal quotation marks omitted). But, "[c]ourts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

II. **Section 1983**

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v.*

3

*McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (internal quotation marks and alteration omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.* The plaintiff must prove personal participation in the alleged deprivation of rights as "there is no respondeat superior liability under section 1983." *Bell v. Clackamas Cnty.*, 341 F.3d 858, 867 n.3 (9th Cir. 2003).

## III. Analysis

Wilson was convicted in 2010 in the Montana Twentieth Judicial District Court, Lake County of theft, deceptive practices, and tampering with public records. (*See* CV 23–149–M–DWM, Doc. 2-2.) In September 2013, the

4

suspended portion of Wilson's sentence was revoked and he was sentenced to Montana State Prison for a term of three years. (*See id.*) Although it is difficult to determine exactly what Wilson is alleging in the present cases, he describes his complaints as "consumer credit" actions against the state and IRS, who he alleges engaged in "securities fraud" by placing illegal "bonds" on him. In so doing, Wilson appears to have adopted certain "sovereign citizen" concepts that substitute corporate structures for governmental entities. *See United States v. Perkins*, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) (explaining that sovereign citizens often attempt to challenge the judicial system through the Uniform Commercial Code, commercial statutes, and privity laws). Instead of providing a plausible "short and plain statement" of the case and informing specific defendants of exactly what they are alleged to have done to cause damage, *see* Fed. R. Civ. P. 8(a), Wilson's pleadings make it almost impossible for the Court to accurately understand and assess his claims. Ultimately though, his claims are not cognizable under § 1983 for a number of reasons.

First, Wilson has failed to identify specific misconduct by any specific individual defendants. To the contrary, both cases fail to name any specific defendants at all. (*See, e.g.*, CV 23–149–M–DWM (naming "Unknown Trustee" and "Unknown Indenture Trust Bank").) "[A] plaintiff must plead that each Government-official defendants, through the official's own individual actions, has

violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Wilson has not done so.

Second, § 1983 does not provide for a cause of action against the IRS because the IRS is a federal agency that does not operate under color of state law. *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981). Nor is a state-level tax challenge cognizable under § 1983. *See Patel v. City of San Bernardino*, 310 F.3d 1138, 1140 (9th Cir. 2002) ("The Tax Injunction Act, 28 U.S.C. § 1341, provides that federal district courts may not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.").

Third, even if Wilson's complaints are construed as against appropriate state actors, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). Although Wilson has styled his challenges in term of "bonds," he has just appended the word "bond" to his state court criminal judgment. Such a challenge is not cognizable under § 1983.

## IV. Conclusion

Because Wilson fails to state a claim under § 1983 as a matter of law, both of his cases are dismissed with prejudice. 28 U.S.C. § 1915(a)(2)(B)(ii).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Cause Nos. CV 23–149–M–DWM and CV 24–19–M–DWM are DISMISSED WITH PREJUDICE.

2. The Clerk is directed to close both cases and enter judgments pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk shall have the docket reflect that the dismissal in each case counts as a strike pursuant to 28 U.S.C. § 1915(g).

4. The Clerk is further directed to have the docket reflect in each case that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of these decisions would not be taken in good faith. The record makes plain the instant Complaints are frivolous as they lack arguable substance in law or fact.

DATED this 20th day of February, 2024.

_____
Donald W. Molloy, District Judge
United States District Court